**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4123**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO SIMMONS, a/k/a Murdock, a/k/a Doc,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:16-cr-00130-MSD-LRL-1)

———————————

Submitted:  August 26, 2024                         Decided:  September 20, 2024

———————————

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Andrew M. Stewart, SLOAN STEWART PLLC, Fairfax, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, John F. Butler, Assistant United States Attorney, Joseph DePadilla, Assistant United States Attorney, Norfolk, Virginia, Vetan Kapoor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Simmons was convicted of various crimes arising from his involvement in the Nine Trey Gangsters, a set of the United Blood Nation.  On appeal, we vacated certain convictions and remanded for resentencing.  *United States v. Simmons,* 11 F.4th 239, 277 (4th Cir. 2021).  On remand, Simmons was sentenced to three consecutive life terms plus 35 years' imprisonment.  He again appealed.

On appeal, the parties agree that the discretionary condition of supervised release imposed requiring substance abuse treatment suffered from *Rogers* error in that there was a discrepancy between the oral pronouncement and written judgment.  The parties further agree that resentencing is required.  *See United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (requiring sentencing court to orally pronounce all nondiscretionary supervised release conditions); *see also United States v. Lassiter,* 96 F.4th 629 (4th Cir. 2024), *petition for cert. filed* (U.S. Mar. 20, 2024) (finding error in similar circumstances).

Accordingly, we vacate Simmons' sentence and remand for a full resentencing.  In light of our remand, we decline to address Simmons' challenge to another condition of his supervised release.  In addition, although this case began as an *Anders** case, the parties were directed to file merits briefs, and they have done so.  Accordingly, we decline to consider the issues raised in Simmons' pro se supplemental briefs.  *See, e.g., United States v. Hare*, 820 F.3d 93, 106 n.11 (4th Cir. 2016) (declining to consider pro se brief filed by appellant represented on direct appeal by counsel); *United States v. Penniegraft*, 641 F.3d

---

\* *Anders v. California,* 386 U.S. 738 (1967).

566, 569 n.1 (4th Cir. 2011) (declining to consider pro se brief filed in counseled, non-*Anders* appeal). Finally, we deny Simmons' motion for appointment of a new attorney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*